RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI REISMAN, individually and on behalf of all others similarly situated, | **Case No.** |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)** |
| HOMEASSURE, INC. and A-LIST MARKETING SOLUTIONS INC. d/b/a PALISADE PROTECTION GROUP | |
| Defendants. | **Class Action** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Eli Reisman ("Plaintiff") by his undersigned counsel, for this class action complaint against Homeassure, Inc. and A-List Marketing Solutions Inc. d/b/a Palisade Protection Group and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (individually referred to as "Homeassure" or "Palisade Protection Group" and collectively refer to as "Defendants"), alleges as follows:

## I. INTRODUCTION

1. <u>Nature of Action</u>. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Palisade Protection Group engaged in automated telemarketing in violation of the TCPA using pre-recorded messages that were sent to residential telephone lines in order to promote the services of Homeassure.

2. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

3. Plaintiff Eli Reisman is an individual.

4. Defendant A-List Marketing Solutions Inc. d/b/a Palisade Protection Group is a California corporation and has a principal place of business of 15333 Culver Dr., Suite 340, Irvine, CA 92604. Palisade Protection Group engages in telemarketing from this District, as it did with the Plaintiff.

5. Defendant Homeassure, Inc. is an Arizona corporation that is registered to do business in California. Homeassure offers home warranty services in this District, as it attempted to do with the Plaintiff.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III. JURISDICTION AND VENUE

6.    <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically, 47 U.S.C. § 227.

7.    <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over the Defendants because a substantial part of the wrongful acts alleged in this Complaint were committed from California. Palisade Protection makes telemarketing calls from this District and into this District. Homeassure administers home warranties in this District. Furthermore, both Defendants are registered to do business in this District.

8.    <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's claims occurred from this District and Palisade Protection resides here.

### IV.    THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

9.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.    The TCPA makes it unlawful "to initiate any telephone call (to any residential telephone line using an artificial or prerecorded voice to deliver a

message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

11. The TCPA provides a private cause of action to persons who receive calls in violation of Section 227(b)(1)(B). 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted).

# V. FACTUAL ALLEGATIONS

14.     Homeassure offers warranty services for residences.

15.     However, Homeassure relies on third party sellers to generate new customers.

16.     Indeed, Homeassure's website advertises that it retains, "Direct Marketers", which engage in telemarketing. *See* https://homeassureadmin.com/become-a-seller (Last Visited October 26, 2021).

17.     Palisade Protection Group is one such "Direct Marketer".

18.     One of Palisade Protection Group's strategies for marketing Homeassure's services and generating new customers is telemarketing.

19.     Palisade Protection Group's telemarketing includes the use of pre-recorded messages to generate new business for Homeassure.

20.     Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

21.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**Calls to Plaintiff**

22.     Plaintiff's telephone number, (646)-509-XXXX, is a residential telephone number.

23.     It is not associated with a business and is used by Mr. Reisman only.

24.     The telephone number has been on the National Do Not Call Registry for more than 31 days prior to the calls at issue.

25.     On Friday, October 1, 2021, the Plaintiff received a pre-recorded call on his number.

26.     The pre-recorded message stated: *"Hi my name is Matt from Home Protection Services We are reaching out to you today because the warranty on your home has expired. Press 1 now to renew your home's warranty."*

27.     However, "Home Protection Services" is not an actual company, so the Plaintiff responded to the recorded message in order to identify the company sending the message.

28.     The Plaintiff spoke to a live individual named "Sean".

29.     Sean promoted the home warranty services offered by Homeassure.

30.     When the Plaintiff inquired about a website about the call, https://homeassureadmin.com/ was provided.

31.     That is a website owned and operated by Homeassure.

32.     The Plaintiff subsequently received information that confirmed that the entity physically dialing the call was "Palisade Protection Group 800-674-1241".

33.     That is a phone number for Palisade Protection Group.

34.     The Plaintiff did not provide his prior express written consent to either Defendant to receive the call.

35.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Palisade Protection Group because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI. HOMEASSURE'S LIABILITY

36.     For twenty-five years the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

37.     On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."[1]

---

[1]     *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

38.     In that ruling, the FCC instructed that sellers such as Homeassure

may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its
> telemarketing activities to unsupervised third parties would leave
> consumers in many cases without an effective remedy for
> telemarketing intrusions. This would particularly be so if the
> telemarketers were judgment proof, unidentifiable, or located outside
> the United States, as is often the case. Even where third-party
> telemarketers are identifiable, solvent, and amenable to judgment
> limiting liability to the telemarketer that physically places the call
> would make enforcement in many cases substantially more expensive
> and less efficient, since consumers (or law enforcement agencies)
> would be required to sue each marketer separately in order to obtain
> effective relief. As the FTC noted, because "[s]ellers may have
> thousands of 'independent' marketers, suing one or a few of them is
> unlikely to make a substantive difference for consumer privacy."

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

39.     Palisade Protection was contractually required to promote

Homeassure products on their telemarketing calls in order to potentially generate

new customers, and did so, as they did with the Plaintiff.

40.     In fact, Homeassure continued its relationship with Palisade

Protection despite being the fact that Palisade Protection was actively being sued

alleging violations of the TCPA for sending pre-recorded messages.

41.     During this time, Homeassure was knowingly and actively accepting

the business that originated through the illegal telemarketing calls through the

issuance of home warranty contracts.

42.     Homeassure derived a benefit from the Defendants' interaction with the Plaintiff by the attempted issuance of a policy.

43.     Moreover, Homeassure maintained interim control over Palisade Protection's actions.

44.     For example, Homeassure had ability to prohibit it from using pre-recorded methodology to contact potential customers of Homeassure.

45.     Homeassure failed to make such an instruction to Palisade Protection, and as a result, is liable for Palisade Protection's conduct.

46.     Homeassure also gave interim instructions to Palisade Protection by providing the volume of calling and leads it would purchase.

47.     Homeassure gave further interim instructions to Palisade Protection by providing the states that those companies were allowed to make calls into and restricting other states that they could not.

48.     Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information."  *Id.* at 6592-593 (¶ 46).  Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent."  *Id.* at 6593 (¶ 46).

1

# VII. CLASS ACTION ALLEGATIONS

2

3

49.     <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3),

4

Plaintiff brings this case on behalf of the Classes (the "Classes") defined as

5

follows:

6

7     **<u>Pre-Recorded Call Class:</u>** All persons to whom: (a) Palisade
      Protection Group and/or a third party acting on Palisade Protection
8     Group' behalf made one or more non-emergency telephone calls; (b)
      to residential telephone lines; (c) through the use of an artificial or
9     prerecorded voice; (d) at any time in the last four years through the
      date of trial.
10

11

12     **<u>Homeassure Pre-Recorded Call Subclass:</u>** All persons to
      whom: (a) Palisade Protection Group and/or a third party acting
13     on Palisade Protection Group' behalf made one or more non-
      emergency telephone calls; (b) to residential telephone lines; (c)
14     through the use of an artificial or prerecorded voice; (d) that did
      or could have offered Homeassure services (e) at any time in
15     the last four years through the date of trial.
16

17

50.     <u>Numerosity</u>.  The Classes are so numerous that joinder of all its

18

members is impracticable.  On the basis of Palisade Protection Group's *en masse*

19

20

calling practices, the Classes have at least hundreds of members.

21

51.     <u>Commonality</u>.  There are numerous questions of law and fact common

22

to Plaintiff and members of the Classes.  These common questions of law and fact

23

24

include, but are not limited to, the following:

25

a.     Whether Homeassure is vicariously liable for Palisade

26

Protection Group's conduct;

27

28

b.     Whether Palisade Protection Group used a prerecorded voice;

c.     Whether Palisade Protection Group purchased batches of leads of prospects who had not consented to be called by it;

d.     Whether Palisade Protection Group and/or its affiliates or agents, and/or other persons or entities acting on Palisade Protection Group' behalf, knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(B) by making any call, except for emergency purposes, to a residential telephone number using an artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

e.     Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf should be enjoined from using pre-recorded messages in the future.

52.    Typicality.  Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims and those of the Classes arise out of the same course of conduct by Palisade Protection Group and are based on the same legal and remedial theories.

53.    Adequacy.  Plaintiff will fairly and adequately protect the interests of the Classes.  Plaintiff has retained competent and capable counsel with experience in TCPA and consumer class action litigation.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the

financial resources to do so.  Neither Plaintiff nor his counsel has interests contrary to or conflicting with those of the proposed Classes.

54.  <u>Predominance</u>. The Defendants have engaged in a common course of conduct toward Plaintiff and members of the Classes.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  For example, the TCPA's statutory damages obviate the need for mini-trials on actual damages. Adjudication of these common issues in a single action has important and desirable advantages, including judicial economy.

55.  <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Palisade Protection Group to comply with the TCPA.  The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Palisade Protection Group is small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages.

56.  <u>Injunctive and Declaratory Relief is Appropriate</u>. Palisade Protection Group has acted on grounds generally applicable to the Classes, thereby making

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

final injunctive relief and corresponding declaratory relief with respect to the

Classes appropriate on a classwide basis.

## VIII. FIRST CAUSE OF ACTION
### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B))

57.     Plaintiff realleges and incorporates by reference each and every

allegation set forth in the preceding paragraphs.

58.     The foregoing acts and omissions of Defendants and/or its affiliates or

agents, and/or other persons or entities acting on Palisade Protection Group'

behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. §

227(b)(1)(B), by making non-emergency calls to residential telephone numbers of

Plaintiff and members of the Pre-Recorded Call Class using an artificial or

prerecorded voice, or the fact that such conduct was done on their behalf.

59.     As a result of violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), by

Palisade Protection Group and/or its affiliates or agents and/or other persons or

entities acting on its behalf, Plaintiff and members of the Pre-Recorded Call Class

are entitled to an award of $500 in damages for each and every call made to their

cellular telephone numbers using an artificial or prerecorded voice in violation of

the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

60.     Plaintiff and members of the Pre-Recorded Call Class are also entitled

to and do seek injunctive relief prohibiting Defendants, its affiliates and agents,

and/or any other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(B), by making calls, except for emergency purposes, to any residential telephone lines using an artificial or prerecorded voice.

61.   As a result of knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), by Defendants, its affiliates or agents, and/or other persons or entities acting on its behalf, Plaintiff and members of the Pre-Recorded Call Class are entitled to treble damages of up to $1,500 for each and every call made to their residential telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## IX.        PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Classes, prays for judgment against Defendants as follows:

A.    Certification of the proposed Classes;

B.    Appointment of Plaintiff as representative of the Classes;

C.    Appointment of the undersigned counsel as counsel for the Classes;

D.    A declaration that actions complained of herein by Defendants and/or its affiliates, agents, or related entities violate the TCPA;

E.    An order enjoining Defendants its affiliates, agents and related entities from using pre-recorded messages to call residential telephones, absent emergency circumstances.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

F.      Orders granting such other and further relief as the Court deems

necessary, just and proper.

## X.              DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.


RESPECTFULLY SUBMITTED AND DATED this 28th day of October,

2021.

By: */s/ Rachel E. Kaufman*
RACHEL E. KAUFMAN
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Class*