Anton "Tony" N. Handal (SBN 113812)
thandal@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
750 B Street, Suite 2550
San Diego, California 92101-8114
Telephone: (619) 544-6838
Facsimile: (619) 544-1568

Georgiana A. Nikias (SBN 283718)
gnikias@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
801 S. Grand Ave., 9th Floor
Los Angeles, California 90017-4613
Telephone: (213) 623-7400
Facsimile: (213) 623-6336

Attorneys for Defendant A-LIST MARKETING SOLUTIONS, INC. d/b/a PALISADE PROTECTION GROUP

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI REISMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMEASSURANCE, INC. and A-LIST MARKETING SOLUTIONS, INC. d/b/a PALISADE PROTECTION GROUP<br><br>Defendants. | Case No.: 8:21-cv-01787<br><br>**DEFENDANT A-LIST MARKETING SOLUTIONS, INC. DBA PALISADE PROTECTION GROUP'S ANSWER TO COMPLAINT**<br><br>Complaint filed: October 29, 2021 |

Defendant A-LIST MARKETING SOLUTIONS, INC. d/b/a PALISADE PROTECTION GROUP ("Defendant") hereby answers the Complaint of Plaintiff ELI REISMAN ("Plaintiff") as follows.

1. The matters asserted in paragraph 1 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring the claims he alleges but denies any violation or liability.

2. The matters asserted in paragraph 2 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring a claim under the TCPA but denies any violation or liability.

3. The matters asserted in paragraph 3 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the matters asserted in paragraph 3 of the Complaint.

4. Defendant admits that it is a California Corporation, that its principal place of business is 15333 Culver Dr., Suite 340, Irvine, CA 92604, and that it engages in telemarketing from this District, but is without information sufficient to admit or deny that it engaged in telemarketing with Plaintiff.

5. The matters asserted in paragraph 5 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the matters asserted in paragraph 3 of the Complaint.

6. Admit.

7. Defendant admits that it makes telemarketing calls from this District and into this District and that it is registered to do business in this District. Defendant is without sufficient information to admit or deny the statements about Homeassure.

8. Admit.

9. The matters asserted in paragraph 9 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

10. The matters asserted in paragraph 10 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

11. The matters asserted in paragraph 11 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

12. The matters asserted in paragraph 12 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

13. The matters asserted in paragraph 13 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

14. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 14 of the Complaint and therefore denies the same.

15. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 15 of the Complaint and therefore denies the same.

16. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 16 of the Complaint and therefore denies the same.

17. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 17 of the Complaint and therefore denies the same.

18. Defendant admits that it engages in telemarketing in marketing the services it sells. Defendant denies that it markets Homeassure's services as Defendant is not a marketing company.

19. Deny.

20. Deny.

21. The matters asserted in paragraph 21 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

22. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 22 of the Complaint and therefore denies the same.

23. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 23 of the Complaint and therefore denies the same.

24. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 24 of the Complaint and therefore denies the same.

25. Defendant admits that Plaintiff received a call on Friday, October 1, 2021. Defendant denies that the call was a pre-recorded one.

26. Defendant denies that there was a pre-recorded message. Defendant is without information sufficient to admit or deny the remaining matters asserted in paragraph 26 of the Complaint and therefore denies the same.

27. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 27 of the Complaint and therefore denies the same.

28. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 28 of the Complaint and therefore denies the same.

29. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 29 of the Complaint and therefore denies the same.

30. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 30 of the Complaint and therefore denies the same.

31. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 31 of the Complaint and therefore denies the same.

32. Defendant admits that 800-674-1241 is a telephone number associated with Defendant. Defendant is without information sufficient to admit or deny the remaining matters asserted in paragraph 32 of the Complaint and therefore denies the same.

33. Admit.

34. Deny.

35. The matters asserted in paragraph 35 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

36. The matters asserted in paragraph 36 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

37. The matters asserted in paragraph 37 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

38. The matters asserted in paragraph 38 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

39. Admit.

40. Defendant denies that it uses pre-recorded messages. Defendant admits that it does business with Defendant Homeassure. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 40 of the Complaint and therefore denies the same.

41. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 41 of the Complaint and therefore denies the same.

42. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 42 of the Complaint and therefore denies the same.

43. The matters asserted in paragraph 43 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

44. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 44 of the Complaint and therefore denies the same.

1  45.  The matters asserted in paragraph 45 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

46.  Admit.

47.  Admit.

48.  The matters asserted in paragraph 48 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

49.  The matters asserted in paragraph 49 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

50.  The matters asserted in paragraph 50 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

51.  The matters asserted in paragraph 51 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

52.  The matters asserted in paragraph 52 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

53.  The matters asserted in paragraph 53 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

54.  The matters asserted in paragraph 54 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

6
DEFENDANT A-LIST MARKETING SOLUTIONS, INC.'S ANSWER TO COMPLAINT

55. The matters asserted in paragraph 55 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

56. The matters asserted in paragraph 56 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

57. The matters asserted in paragraph 57 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

58. The matters asserted in paragraph 58 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

59. The matters asserted in paragraph 59 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

60. The matters asserted in paragraph 60 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

61. The matters asserted in paragraph 61 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

## **AFFIRMATIVE DEFENSES**

A. All allegations set forth in the Complaint that have not been specifically admitted by Defendant are hereby denied.

B. Plaintiff's Complaint fails to state a cause of action pursuant to Federal Rules of Civil Procedure 12(b)(6) as it, in whole or in part, states mere legal conclusions without sufficient factual support necessary to allege a cause of action and fails to state a claim upon which relief can be granted.

C. Plaintiff may lack standing to bring any one or more of the claims he has asserted.

D. Plaintiff's Complaint is bared, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands.

E. Defendant states that Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages. Alternatively, Defendant asserts that any such damages incurred were not reasonable foreseeable and that Plaintiff has failed to mitigate his damages, if any.

F. Defendant states that to the extent that it has inadvertently violated the TCPA, such violation was accidental and unintentional.

G. Defendant states that to the extent it has inadvertently violated the TCPA, this was caused by the actions of third-parties.

H. Defendant states that to the extent that the Federal Communications Commission ("FCC") has exclusive rulemaking authority under the TCPA. Pursuant to that rulemaking authority, the FCC also issues orders providing guidance on interpretation and compliance with its provisions. In an Order entered in 1992, the FCC stated: "[P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." Id.

I. Defendant states that Plaintiff's TCPA claim may be barred by his consent.

J. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as of yet unstated, affirmative defenses available. Defendant hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of the Complaint;

3. That Defendant be awarded its costs incurred in defending this action;

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

Dated: December 7, 2021                    **MURCHISON & CUMMING LLP**

By: */s/Georgiana A. Nikias*
Anton N. Handal
Georgiana A. Nikias
Attorneys for Defendant A-LIST MARKETING SOLUTIONS, INC. d/b/a SAFEGUARD SOLUTIONS