**HOLLAND & KNIGHT LLP**
Lindsay A. Enriquez (SBN 326228)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2456
Facsimile: 213.896.2450
E-mail: lindsay.enriquez@hklaw.com

*Attorneys for Defendant*
*HOMEASSURE, INC.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI REISMAN, individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOMEASSURE, INC. and A-LIST MARKETING SOLUTIONS INC. d/b/a PALISADE PROTECTION GROUP,<br><br>Defendant. | Case No. 8:21-cv-01787-MWF-KES<br><br>*[Assigned to the Hon. Michael W. Fitzgerald United States District Judge]*<br><br>**DEFENDANT HOMEASSURE INC.'S, ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Homeassure, Inc. ("Homeassure"), by and through its undersigned counsel, hereby answers the Class Action Complaint ("Complaint") (ECF No. 1) filed by Eli Reisman ("Plaintiff") and on behalf of all others similarly situated, by responding to the numbered paragraphs as follows:

## I.   INTRODUCTION

1. Homeassure admits that Plaintiff's Complaint concerns unproven allegations that Homeassure violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Homeassure denies that any action or omission in this District amounted to illegal, negligent, or willful violations of the TCPA. To the extent allegations in Paragraph 1 relate or refer to A-List Marketing Solutions Inc. d/b/a Palisade Protection Group ("Palisade"), Homeassure is without knowledge of those allegations and therefore denies the same.

2. Homeassure admits that Plaintiff's Complaint purports to bring an action on behalf of a putative class of individuals who received alleged illegal telemarketing calls from or on behalf of the Defendants. Homeassure denies that any action or omission in this District amounted to illegal, negligent, or willful violations of the TCPA.

## II.   PARTIES

3. Homeassure is without knowledge of the allegations in Paragraph 3 and therefore denies the same.

4. Homeassure admits that Palisade is a California corporation with a principal place of business of 15333 Culver Dr., Suite 340, Irvine, CA 92604. Homeassure is without knowledge of the remaining allegations in Paragraph 4 and therefore denies the same.

5. Homeassure admits it is an Arizona corporation. Homeassure admits that it conducts business in the State of California. Homeassure further admits it is a provider of home warranty services. Homeassure is without knowledge of the remaining allegations in Paragraph 5 and therefore denies the same.

### III. JURISDICTION AND VENUE

6. Homeassure admits the allegations of Paragraph 6 for jurisdictional purposes only.

7. Homeassure admits that this Court possesses personal jurisdiction over it. Homeassure further admits that it administers home warranties in this District. Homeassure further admits that it is registered to do business in California. Homeassure denies the allegations in Paragraph 7 to the extent they refer to any wrongful acts committed by Homeassure in this District. To the extent the allegations in Paragraph 7 refer or relate to entities other than Homeassure, Homeassure is without knowledge of those allegations and therefore denies the same.

8. Homeassure admits the allegations of Paragraph 8 for venue purposes only. Homeassure denies that any action or omission in this District amounted to illegal, negligent, or willful violations of the TCPA.

### IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

9. The allegations in Paragraph 9 state a legal conclusion to which no response is required. To the extent a response is required, Homeassure denies the same.

10. Homeassure admits that Plaintiff attempts to cite, quote, and/or characterize portions of 47 U.S.C. 227(b)(1)(B) in Paragraph 10. Homeassure further admits that 47 U.S.C. 227(b)(1)(B) speaks for itself and denies any allegations in Paragraph 10 inconsistent with that federal statute.

11. The allegations in Paragraph 11 state a legal conclusion to which no response is required. To the extent a response is required, Homeassure denies the same.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

12. The allegations in Paragraph 12 state a legal conclusion to which no response is required. To the extent a response is required, Homeassure denies the same.

13. Homeassure admits that Plaintiff attempts to cite, quote, and/or characterize portions of a 2013 Federal Communications Commission ("FCC") Regulation and Order in Paragraph 13. Homeassure further admits that the 2013 FCC Regulation and Order speaks for itself and denies any allegations in Paragraph 13 inconsistent with that federal regulation.

## V. FACTUAL ALLEGATIONS

14. Homeassure admits that it offers and administers home warranties.

15. Homeassure admits that it engages with third-party marketers to sell the home warranty contracts it administers. Homeassure otherwise denies the allegations in Paragraph 15.

16. Homeassure denies the allegations in Paragraph 16.

17. Homeassure admits it has entered into a direct marketing agreement with defendant Palisade Protection Group, whereby Palisade Protection Group may sell warranty services administered by Homeassure in certain states.

18. Homeassure is without knowledge of the allegations in Paragraph 18 and therefore denies the same.

19. Homeassure is without knowledge of the allegations in Paragraph 19 and therefore denies the same.

20. Homeassure is without knowledge of the allegations in Paragraph 20 and therefore denies the same.

21. The allegations in Paragraph 21 state a legal conclusion to which no response is required. If Homeassure must respond to these allegations, Homeassure denies the same.

**Calls to Plaintiff**

22. Homeassure is without knowledge of the allegations in Paragraph 22 and therefore denies the same.

23. Homeassure is without knowledge of the allegations in Paragraph 23 and therefore denies the same.

24. Homeassure is without knowledge of the allegations in Paragraph 24 and therefore denies the same.

25. Homeassure is without knowledge of the allegations in Paragraph 25 and therefore denies the same.

26. Homeassure is without knowledge of the allegations in Paragraph 26 and therefore denies the same.

27. Homeassure is without knowledge of the allegations in Paragraph 27 and therefore denies the same.

28. Homeassure is without knowledge of the allegations in Paragraph 28 and therefore denies the same.

29. Homeassure is without knowledge of the allegations in Paragraph 29 and therefore denies the same.

30. Homeassure is without knowledge of the allegations in paragraph 30 and therefore denies the same.

31. Homeassure admits the allegations in Paragraph 31.

32. Homeassure is without knowledge of the allegations in Paragraph 32 and therefore denies the same.

33. Homeassure is without knowledge of the allegations in Paragraph 33 and therefore denies the same.

34. Homeassure is without knowledge of the allegations in Paragraph 34 and therefore denies the same.

35. Homeassure denies that Plaintiff and the putative class members were damaged by any action or omission by Homeassure. To the extent the allegations in

Paragraph 35 relate or refer to actions of entities other than Homeassure, Homeassure is without knowledge of the those allegations and therefore denies the same.

### VI.    HOMEASSURE'S LIABILITY

36. Homeassure admits that Plaintiff attempts to cite, quote, and/or characterize portions of a Memorandum Opinion and Order issued by the FCC in Paragraph 36. Homeassure further admits that the FCC Memorandum Opinion and Order speaks for itself and denies any allegations in Paragraph 36 inconsistent with that ruling.

37. Homeassure admits that Plaintiff attempts to cite, quote, and/or characterize portions of the May 2013 ruling issued by the FCC in Paragraph 37. Homeassure further admits that the May 2013 FCC ruling speaks for itself and denies any allegations in Paragraph 37 inconsistent with that ruling.

38. Homeassure admits that Plaintiff attempts to cite, quote, and/or characterize portions of the May 2013 ruling issued by the FCC in Paragraph 38. Homeassure further admits that the May 2013 FCC ruling speaks for itself and denies any allegations in Paragraph 38 inconsistent with that ruling.

39. Homeassure denies the allegations in Paragraph 39.

40. Homeassure is without knowledge of the allegations in Paragraph 40 and therefore denies the same.

41. Homeassure denies the allegations in Paragraph 41.

42. Homeassure denies the allegations in Paragraph 42.

43. Homeassure denies the allegations in Paragraph 43.

44. Homeassure denies the allegations in Paragraph 44.

45. Homeassure denies the allegations in Paragraph 45.

46. Homeassure denies the allegations in Paragraph 46.

47. Homeassure denies the allegations in Paragraph 47.

48. Homeassure admits that Plaintiff attempts to cite, quote, and/or characterize portions of the May 2013 FCC ruling issued by the FCC in Paragraph

48. Homeassure further admits that the May 2013 FCC ruling speaks for itself and denies any allegations in Paragraph 48 inconsistent with that ruling.

### VII.   CLASS ACTION ALLEGATIONS

49. Paragraph 49 does not contain factual allegations and therefore no response to it is required. To the extent a response is required, Homeassure denies that Plaintiff or his counsel have met the requirements for class certification or are entitled to bring this lawsuit on behalf of any putative class or subclass.

50. Paragraph 50 does not contain factual allegations and therefore no response to it is required. To the extent a response is required, Homeassure denies that Plaintiff or his counsel have met the requirements for class certification or are entitled to bring this lawsuit on behalf of any putative class or subclass.

51. Paragraph 51, including all subparts, does not contain factual allegations and therefore no response to it is required. To the extent a response is required, Homeassure denies that Plaintiff or his counsel have met the requirements for class certification, or are entitled to bring this lawsuit on behalf of any putative class or subclass.

52. Paragraph 52 does not contain factual allegations and therefore no response to it is required. To the extent a response is required, Homeassure denies that Plaintiff or his counsel have met the requirements for class certification, or are entitled to bring this lawsuit on behalf of any putative class or subclass.

53. Paragraph 53 does not contain factual allegations and therefore no response to it is required. To the extent a response is required, Homeassure denies that Plaintiff or his counsel have met the requirements for class certification, or are entitled to bring this lawsuit on behalf of any putative class or subclass.

54. Paragraph 54 does not contain factual allegations and therefore no response to it is required. To the extent a response is required, Homeassure denies that Plaintiff or his counsel have met the requirements for class certification, or are entitled to bring this lawsuit on behalf of any putative class or subclass.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

55. Paragraph 55 does not contain factual allegations and therefore no response to it is required. To the extent a response is required, Homeassure denies that Plaintiff or his counsel have met the requirements for class certification, or are entitled to bring this lawsuit on behalf of any putative class or subclass.

56. Paragraph 56 does not contain factual allegations and therefore no response to it is required. To the extent a response is required, Homeassure denies that Plaintiff or his counsel have met the requirements for class certification, or are entitled to bring this lawsuit on behalf of any putative class or subclass.

## VIII.   FIRST CAUSE OF ACTION

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B))**

57. Homeassure incorporates by reference its answers to Paragraphs 1-56 as if fully set forth herein.

58. To the extent the allegations in Paragraph 58 refer or relate to actions or inactions by Homeassure, Homeassure denies those allegations. To the extent the allegations in Paragraph 58 refer or relate to entities other than Homeassure, Homeassure is without knowledge of those allegations and therefore denies the same.

59. To the extent the allegations in Paragraph 59 refer or relate to actions or inactions by Homeassure, Homeassure denies those allegations. To the extent the allegations in Paragraph 59 refer or relate to entities other than Homeassure, Homeassure is without knowledge of those allegations and therefore denies the same.

60. Homeassure denies the allegations in Paragraph 60.

61. To the extent the allegations in Paragraph 61 refer or relate to actions or inactions by Homeassure, Homeassure denies those allegations. To the extent the allegations in Paragraph 61 refer or relate to entities other than Homeassure, Homeassure is without knowledge of those allegations and therefore denies the same.

In response to the unnumbered Prayer for Relief following Paragraph 61, Homeassure denies that Plaintiff, or any member of a putative class or subclass, is entitled to any relief whatsoever.

## GENERAL DENIAL

To the extent Homeassure has not responded in full to any other allegation in the Complaint, that allegation is denied. Each allegation not specifically admitted is specifically denied.

## AFFIRMATIVE DEFENSES

As to affirmative and other defenses to the Complaint, Homeassure asserts:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff and the putative class fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any calls placed to Plaintiff or the putative class were not placed or initiated by Homeassure.

### THIRD AFFIRMATIVE DEFENSE

To the extent any calls placed to Plaintiff or the putative class were done by other entities, individuals, and/or independent contractors, and to the extent that any violation of the TCPA occurred, which Homeassure denies, such a violation resulted from good faith reliance on incorrect information offered by persons or entities other than an agent or employee of Homeassure.

### FOURTH AFFIRMATIVE DEFENSE

Although Homeassure specifically denies that it has any liability with respect to Plaintiff's claims and allegations, Homeassure asserts that it has established and implemented, with due care, reasonable practices to discourage violations of the TCPA by its direct marketers.

### FIFTH AFFIRMATIVE DEFENSE

Homeassure is not liable for the actions or omissions of co-defendant Palisade Protection Group.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff or putative class members sustained injuries or damages, which Homeassure denies, the alleged injuries and damages, if any, were caused solely by the acts, wrongs, or omissions of other persons or entities over which Homeassure had no control and for which Homeassure is not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class lack standing to bring their claims.

## EIGHT AFFIRMATIVE DEFENSE

Even if Homeassure committed any actionable conduct, which Homeassure expressly denies, such conduct was not the proximate cause of Plaintiff's or purported class members' alleged injuries and damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the purported class members, are barred to the extent they consented to any alleged conduct in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

Homeassure hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves its rights to supplement or amend its answer and assert such defenses.

Dated: December 23, 2021            **HOLLAND & KNIGHT LLP**

By: _/s/ Lindsay A. Enriquez_
Lindsay A. Enriquez
*Attorneys for Defendant*
HOMEASSURE, INC

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450