1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Counsel for Plaintiff and the putative Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

Eli Reisman, individually and on behalf
of all others similarly situated,

              Plaintiff,

    v.

Homeassure, Inc., et al.,

              Defendants.

Case No. 8:21-cv-01787-MWF-KES

**JOINT SCHEDULING REPORT
AND DISCOVERY PLAN**

Date: January 24, 2022
Time: 11:00 a.m.
Courtrm: 5A
Judge: Hon. Michael W. Fitzgerald

      Pursuant to Federal Rules of Civil Procedure 16, 26(f) and Local Rule 26-1,

Plaintiff Eli Reisman and Defendants Homeassure, Inc. ("Homeassure") and A-

List Marketing Solutions Inc. d/b/a Palisade Protection Group ("A-List") submit

the following joint scheduling report and discovery plan:

      1.    <u>Statement of the Case</u>: This is a putative class action alleging that

Defendants make prerecorded voice calls without consent to generate business by

violating the Telephone Consumer Protection Act, 47 U.S.C. § 227.  The

1

Complaint includes one claim for violations of the TCPA, 47 U.S.C. §§ 227(b)(1)(A), prohibiting the making of prerecorded voice calls without consent.

2.    <u>Subject Matter Jurisdiction</u>: This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically, 47 U.S.C. § 227.

3.    <u>Legal Issues</u>: The key legal issues anticipated by the parties are as follows: whether Defendant A-List makes prerecorded voice calls; whether Defendant A-List makes prerecorded voice calls on behalf of Defendant Homeassure; whether Defendants' conduct constitutes a violation of the TCPA; whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and whether Plaintiff can meet his burden under Rule 23(a) of the Federal Rules of Civil Procedure of establishing numerosity, commonality, typicality and adequacy with respect to the proposed class, as well as at least one ground for certifying a class pursuant to Rule 23(b).

4.    <u>Whether parties are likely to be added and whether the pleadings are likely to be amended</u>: The parties do not presently anticipate adding parties, and Plaintiff does not anticipate amending the complaint.

5.    <u>Damages</u>: Plaintiff seeks statutory damages on behalf of himself and the Class.  The range of potential damages is dependent on the number of prerecorded voice calls made in violation of the TCPA.

2

6.      Insurance: Defendant A-List does not have any applicable insurance. Defendant Homeassure does not have any applicable insurance that would otherwise cover the claims asserted against it by Plaintiff.

7.      Anticipated Motions: Plaintiff anticipates filing a motion for class certification and a motion for summary judgment. Defendant Homeassure anticipates filing a motion for summary judgment based on Plaintiff's theory of vicarious liability under the TCPA.

8.      Manual for Complex Litigation: The parties do not believe the use of the Manual for Complex Litigation should be utilized in this case.

9.      Status of Discovery: Plaintiff served an initial set of discovery on Defendants. Defendants have not yet served initial discovery, but anticipate doing so shortly.

10.     Discovery Plan:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:

The parties have agreed to exchange initial disclosures in the form required by Rule 26(a) by January 10, 2022.

(B) the subjects on which discovery may be needed:

3

JOINT SCHEDULING REPORT
Case No. 8:21-cv-01787-MWF-KES

*Plaintiffs*:  Plaintiff will be serving discovery directed primarily towards Defendants' defenses to Plaintiff's claims, identifying all parties involved in the making of unsolicited prerecorded calls by or on behalf of Defendants, including information relating to the instructions to make the calls, any third parties involved in making the calls, as well as information sufficient to identify the recipients of the calls. This written discovery will seek information maintained by Defendants, any agent of Defendants, and vendors from whom Defendants obtains products and services. Plaintiff then intends to depose Defendants relating to their defenses, the calls at issue, and serve additional written discovery as necessary. Plaintiff will also depose Defendants' agents and the third party vendors supplying leads and dialers to Defendants.  Finally, Plaintiff intends to obtain written discovery regarding, and the depositions of, any experts retained by Defendants in connection with Plaintiff's and the Class's claims.

*Defendants*: Defendant A-List will be serving discovery directed primarily towards Plaintiff(s)' claims, identifying all plaintiffs involved, including information related to plaintiffs' telephone numbers, ownership of the telephone numbers alleged by plaintiff(s), calls made to those numbers by Defendant A-List (if any), whether class certification should be granted, and whether plaintiff(s) provided express prior written consent to be contacted at their respective telephone numbers (if contacted at all). Defendant A-List intends to depose plaintiff(s)

4

relating to their claims. Finally, Defendant A-List intends to obtain written discovery regarding, and the depositions of, any experts retained by plaintiff(s) in connection with plaintiff(s)' and the Class' claims.

Defendant Homeassure will be serving discovery directed primarily towards: (1) Plaintiff's allegations that he received unsolicited prerecorded calls by Defendant A-List; (2) ownership of the telephone numbers alleged by Plaintiff; and (3) any consent provided by Plaintiff amounting to express prior written consent under the TCPA; and (4) whether Plaintiff can satisfy the standards for class certification set forth in Fed. R. Civ. P. 23. Besides fact discovery, Defendant Homeassure intends to obtain written discovery and depositions of any expert witnesses disclosed by Plaintiff.

(C)    any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

The parties have not presently identified any potential issues relating to the preservation of discoverable information, and agree to take required measures to ensure preservation of relevant information by the parties and any third party vendors.  The parties will endeavor to jointly prepare a suitable ESI protocol for entry by the Court, should it become necessary.

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a

5

procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:

The parties do not anticipate any issues regarding claims of privilege or of work product protection. The parties have not yet reached agreement on a procedure to assert claims of privilege or work product after production, but will continue to discuss this issue as discovery proceeds and as it becomes necessary.

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:

Defendant A-List asserts that financial discovery should be limited to A-List only and will not extend to the personal financial information of any individual owner of the company.

For information that is deemed confidential by each party, including information that includes the names and telephone numbers of other individuals called by Defendant A-List and the company's financial information, the parties agree to follow the Model Form Protective Order.

The parties do not believe any other limitations on discovery should be imposed other than as provided in the federal and local rules.

6

The parties will endeavor to jointly prepare a suitable protective order for entry by the Court.

11.    <u>Discovery Cut-off</u>: December 16, 2022

12.    <u>Expert Discovery</u>: December 16, 2022

13.    <u>Dispositive Motions</u>: June 12, 2023

14.    <u>Settlement/ADR</u>:  The parties have not yet discussed settlement, but agree to engage in settlement discussions as the action progresses.  The parties agree to use a private mediator.

15.    <u>Preliminary Trial Estimate</u>: Plaintiff has requested a jury trial.  The parties believe that any trial estimate will be significantly impacted by this Court's ruling on class certification issues.  Nevertheless, to comply with the Court's Order, the parties estimate that trial may require 3-5 days if the matter proceeds as a class action and 1 day if the matter proceeds as an individual action.

16.    <u>Trial Counsel</u>: Rachel E. Kaufman, Plaintiff's counsel. Defendant A-List's trial counsel: Anton N. Handal and Georgiana A. Nikias of Murchison & Cumming, LLP. Defendant Homeassure's trial counsel: Lindsay Enriquez of Holland & Knight LLP.

17.    <u>Independent Expert or Master</u>: The parties do not believe that an independent expert or master should be appointed in this action.

18.    <u>Timetable</u>: Attached hereto as Exhibit A.

7

<u>Other Issues</u>:

In addition to the dates set forth in Exhibit A, the parties propose that Plaintiff's anticipated class certification motion should be filed by January 16, 2023, response due by February 6, 2023, reply due by February 20, 2023, and the hearing set for March 6, 2023.

The parties have agreed to service of all documents filed on CM/ECF through CM/ECF and service of all other documents by email to the following email addresses:

Plaintiff: rachel@kaufmanpa.com; kaufman@kaufmanpa.com

Defendant Homeassure: Lindsay.enriquez@hklaw.com

Defendant A-List: thandal@murchisonlaw.com; gnikias@murchisonlaw.com

Respectfully Submitted,

Dated: January 5, 2022

By: */s/ Rachel E. Kaufman*
Rachel E. Kaufman (Cal Bar No. 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
*Attorney for Plaintiff and the putative Class*

By:*/s/Georgiana A. Nikias*
Anton N. Handal
Georgiana A. Nikias

8

MURCHISON & CUMMING LLP
*Attorneys for Defendant A-LIST*
*MARKETING SOLUTIONS, INC. d/b/a*
*SAFEGUARD SOLUTIONS*

By: */s/ Lindsay A. Enriquez*
Lindsay A. Enriquez
HOLLAND & KNIGHT LLP
*Attorneys for Defendant*
*HOMEASSURE, INC.*

## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(2)(i)

Pursuant to Local Rule 5-4.3.4(2)(i), I, Rachel Kaufman, attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.


By:  */s/ Rachel E. Kaufman*
Rachel E. Kaufman

9